UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

ANA JIMENEZ,

        Plaintiff,

- against -

MICHAEL J. ASTRUE, COMMISSIONER
OF SOCIAL SECURITY,

        Defendant.

------------------------------------------------------X

**MEMORANDUM**
**OPINION AND ORDER**

07 Civ. 7718 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I. INTRODUCTION

        Ana Jimenez brings this action seeking judicial review of a final decision by the Commissioner of Social Security (the "Commissioner"). On August 10, 2004, an administrative law judge ("ALJ") determined that Jimenez was disabled and thus entitled to Supplemental Security Income ("SSI") benefits as of January 1, 2004. Jimenez contests this decision on the grounds that she has been disabled since 1972. On June 30, 2008, the Commissioner moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons stated below, the Commissioner's motion for judgment on the pleadings is granted.

1

## II. BACKGROUND

### A. Procedural Background

Jimenez filed for SSI benefits on September 23, 2002.[1] In her application, she asserted that she was disabled as of September 1, 2002 due to arthritis, a back injury, migraine headaches, and a thyroid condition.[2] Jimenez's application was denied after an initial administrative review, yet on August 10, 2004, an ALJ determined that Jimenez was indeed disabled.[3] According to the hearing transcript, the AJL noted that "the claimant has told me that her condition got worse at the beginning of January 2004. She wants to change the date that she is seeking benefits to that date. She has told me that she understands the consequences of that change and that's how she would like to proceed."[4] Accordingly, the ALJ determined that Jimenez was disabled as of January 2004,[5] not as of September 1, 2002, as indicated on Jimenez's initial SSI application.

---

[1] *See* Memorandum of Law in Support of the Commissioner's Motion for Judgment on the Pleadings ("Def. Mem.") at 1.

[2] *See id.* at 1-2.

[3] *See id.* at 2.

[4] *Id* (citation omitted).

[5] *See id.*

2

In this action, Jimenez is challenging the AJL's favorable decision. She asserts that the decision was incorrect because she has been disabled since 1972.[6] Because Jimenez has failed to file any papers in opposition to the Commissioner's motion, the Court is deciding this motion solely on the basis of the Commissioner's papers in accordance with its August 14, 2008 order.

**B. Medical Evidence**

In reaching this decision, the ALJ considered medical evidence offered by Jimenez in support of her claim. From September 2002 through December 2003, Jimenez was treated for knee, neck, and back pain as well as a thyroid condition and depression.[7] In October and December 2002, Jimenez was treated for heart palpitations.[8] A subsequent December 2003 cardiac stress test returned normal results, however.[9]

In 2003, Dr. Lorenzo Freddo noted that Jimenez suffered from headaches that were not responding to medication.[10] Later that year, the same

---

[6]  *See* Complaint at ¶ 5.

[7]  *See* Def. Mem. at 4.

[8]  *See id.*

[9]  *See id* at 5.

[10]  *See id.*

3

doctor noted that Jimenez also suffered from depression, anxiety, hypertension, and chronic joint pain.[11] "A May 2003[] MRI of [Jimenez's] cervical spine revealed normal findings, and electromyography ("EMG") testing done on March 5, 2003 revealed normal findings for the nerves of the upper extremities. An MRI of the lumbar spine taken on May 13, 2003[] showed dessication of disc material . . . but there was no evidence of disc herniation."[12]

In 2004, Dr. Freddo determined that Jimenez was unable to work. On June 22 of that year, he "completed a detailed functional assessment of [Jimenez] and indicated that she was not capable of performing the activities associated with sedentary work."[13]

### III. LEGAL STANDARD

A district court must not disturb the Commissioner's final decision if "correct legal standards were applied" and "substantial evidence supports the decision."[14] "Substantial evidence is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a

---

[11] *See id.*

[12] *Id.* (citations omitted).

[13] *Id.* (citation omitted).

[14] *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) (citing *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002)).

4

conclusion.'"[15] "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, we will not substitute our judgment for that of the Commissioner."[16] "To determine whether the findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn."[17] "[E]ven if there is also substantial evidence for the plaintiff's position," if substantial evidence exists to support the Commissioner's decision, the decision must be affirmed.[18]

## IV. DISCUSSION

There is substantial evidence supporting the ALJ's finding that Jimenez was disabled as of January 2004 and not before. For one thing, the

---

[15] *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). *Accord Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).

[16] *Veino*, 312 F.3d at 586. *Accord Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

[17] *Snell v. Apfel*, 177 F.3d 128, 132 (2d Cir. 1999) (citation omitted).

[18] *Morillo v. Apfel*, 150 F. Supp. 2d 540, 545 (S.D.N.Y. 2001). *Accord Alston v. Sullivan,* 904 F.2d 122, 126 (2d Cir. 1990); *DeChirico v. Callahan*, 134 F.3d 1177, 1182 (2d Cir. 1982). Moreover, the Commissioner's findings of fact, as well as the inferences and conclusions drawn from those findings, are conclusive even in cases where a reviewing court's independent analysis of the evidence might differ from the Commissioner's analysis. *See Rutherford*, 685 F.2d at 62.

5

medical evidence offered by Jimenez supports the inference that her condition worsened in 2004. While Dr. Freddo concluded in June 2004 that Jimenez could not perform sedentary work,[19] Jimenez received much better news in 2003, including cardiac tests revealing no abnormalities, essentially negative spinal MRIs, and a normal EMG of her upper extremities.[20] More importantly, Jimenez herself asserted to the ALJ that her physical condition worsened in January 2004,[21] and she indicated at her hearing before the ALJ that she was seeking SSI benefits as of that date — not as of September 2002 as asserted in her initial SSI application.[22] While Jimenez now asserts that her disability manifested itself in 1972, she made no such claim before the ALJ. Because this Court's function is to review the ALJ's conclusions based on the evidence presented at Jimenez's 2004 hearing, she cannot be permitted to raise this claim here.

## V. CONCLUSION

Because the Commissioner's determination was supported by substantial evidence, his motion for judgment on the pleadings is granted. The

---

[19]  *See* Def. Mem. at 5.

[20]  *See id.*

[21]  *See id.* at 2.

[22]  *See id.*

Clerk of the Court is directed to close this motion (Docket # 9) and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
October 29, 2008

## - Appearances -

**Plaintiff (pro se):**

Ana Jimenez
558 East 181st Street
# 5E
Bronx, NY 10457

**For Defendant:**

John E. Gura, Jr.
Assistant United States Attorney
86 Chambers Street — 3rd Floor
New York, NY 10007
(212) 637-2712